ROMEO MONTANO, Also Known as ROMEO MONTANA, Respondent, v. TRAVELERS FIRE INSURANCE COMPANY OF HARTFORD, Appellant.— Judgment for plaintiff in action to recover under the terms of a policy of fire insurance issued by the defendant to the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

FRANCISCO MURIEL, as Administrator, etc., of JULIO MURIEL, Deceased, Appellant, v. PORTO RICO-AMERICAN STEAMSHIP COMPANY and Another, Defendants, and BALTIMORE INSULAR LINE, INC., Respondent.— Order setting aside verdict in an action for wrongful death as a consequence of respondent's negligence in respect of the place of work where plaintiff's decedent, a fireman on a ship, was working in a boiler, reversed on the law and the facts, with costs, and motion denied, provided that within ten days from the entry of the order herein plaintiff stipulate to reduce the verdict to $4,000, in which event the verdict as so reduced is reinstated and judgment directed to be entered thereon, with costs. In default of so stipulating, the order is affirmed, with costs to respondent, on the ground that the verdict is excessive. The prior decisions of this court eliminated every cause of death as a basis for liability except asphyxiation due to heat exhaustion or the presence of poisonous gases, that is, lack of requisite good air in the place into which respondent sent the decedent to work. There was an ample evidentiary basis to justify the jury in excluding heat exhaustion as the cause of asphyxiation, and this left a just basis for a finding by the jury that asphyxiation, due to the presence of poisonous gases, or lack of proper air conditions, was the cause of the decedent's death, and that this cause was chargeable to the respondent's negligence. The appeal from the order denying plaintiff's motion for a reargument is dismissed. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

CHARLES MUSHLIN and Another, Appellants, v. ALBERT H. REMMERS and Another, Respondents.— Action to recover for personal injuries and property damage as the result of a collision between plaintiff Theresa Mushlin's car which her husband, Charles Mushlin, was driving, and a car driven by defendant Fett and owned by defendant Remmers, her uncle by marriage. Appeal from judgment in favor of defendants. Judgment reversed on the law and the facts and a new trial granted, costs to appellants to abide the event. We are of opinion that the determination of the jury was against the weight of the evidence as to contributory negligence and was contrary to the evidence as to the negligence of defendants. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.